[L. A. No. 25421.   In Bank.   July 8, 1960.]

HARVEY MACHINE COMPANY, INC. (a Corporation) et al., Respondents, v. J. O. ROSS ENGINEERING CORPORATION (a Corporation), Appellant.

Schell & Delamer, Schell, Delamer & Loring and Eugene M. Elson for Appellant.

Ball, Hunt & Hart and Clark R. Heggeness for Respondents.

WHITE, J.—The J. O. Ross Engineering Corporation appeals from a judgment for the plaintiffs wherein it is declared that the defendant is obligated under a contract to indemnify the plaintiffs Harvey Machine Company, Inc. and Sam Blau, an employee of Harvey, for damages resulting from the alleged negligence of those plaintiffs. The plaintiff Pacific Indemnity Company is Harvey's insurer.

The cause was submitted to the trial court on stipulated facts. Harvey entered into a contract with the defendant for the installation by the defendant of certain equipment in its new industrial plant more fully described in the opinion in *Harvey Machine Co., Inc.* v. *Hatzel & Buehler, Inc., ante,* p. 445 [6 Cal.Rptr. 284, 353 P.2d 924], a companion case this day filed. The provisions of the contract here involved, that is, the indemnification and hold harmless clauses, are identical to those set out in that decision.

Pursuant to its contract the defendant entered upon performance of its duties while the work of other contractors was in progress. An employee of the defendant, Paul Marasse, while engaged in the performance of the defendant's contractual obligations, fell into an excavation on the premises and sustained bodily injuries. The excavation had been made by another contractor then engaged in the construction of a portion of the plant.

Paul Marasse thereafter filed an action against Harvey and

Sam Blau for damages for personal injuries sustained in the fall. Harvey made demand upon the defendant to defend in the Marasse action under the indemnification and hold harmless provisions of their contract. The defendant refused, and the plaintiffs commenced this action for declaratory relief. The trial court ordered that the defendant "pay any and all costs and expenses of" plaintiffs in the Marasse case, "and any judgment that may be rendered against the" plaintiffs Harvey and Sam Blau.

The question presented here is precisely the same as that presented in the companion case of *Harvey Machine Co., Inc.* v. *Hatzel & Buehler, Inc., ante,* p. 445 [6 Cal.Rptr. 284, 353 P.2d 924].

Upon the authority of and for the reasons stated in the case just cited, the judgment from which this appeal was taken is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.